ELIZABETH N. CHAMBLISS v. JAMES W. PERSON ET AL.

1. EQUITY JURISPRUDENCE. *Deeds. Reformation.*

   A conveyance which fails to express the intention of the parties thereto, in that the land embraced therein is less than the agreed area, and is in scattered parcels instead of one body, as agreed, may be reformed in equity, and the grantee's bill for reformation averring these mistakes is not demurrable.

2. SAME. *Conveyance of omitted land to third person. Compensation to grantee.*

   On a bill to reform a conveyance which failed to include land intended to be conveyed to the grantee, but omitted and subsequently conveyed by the grantor to a third person, the grantee, if unable to affect such third person with notice, is entitled to a decree for compensation against the grantor. *Wilson* v. *Cox*, 50 Miss., 136, cited.

FROM the chancery court of Claiborne county.

HON. W. C. MARTIN, Chancellor.

Mrs. Chambliss, the appellant, was the complainant in the court below; Person *et al.*, appellees, were defendants there. The opinion sufficiently states the case.

*H. C. Mounger,* for appellant.

As the deed from Mr. and Mrs. Person to complainant shows, there had been no exact survey of the land made, and the bill alleges that by mistake the land intended to be conveyed was not included in the deed; that some pieces are correctly described, but that the remainder was land that the grantors did not own, and which they could not convey, and which the grantors did not intend to convey, and the grantees did not intend to receive; that the grantees paid $600 for the land and borrowed $200 more, executing a deed of trust on the land described in the deed to secure the notes of $200 each; that the

grantees paid the notes, and the deed of trust was returned; that the grantors are withholding about one-half of the land intended to be conveyed; that the grantors intended to convey about four hundred and seventy acres, and the grantees intended to receive about four hundred and seventy acres, and the grantors by this deed conveyed only two hundred and thirty-four acres, taking pay, however, for the whole.

All the above facts averred are admitted by demurrer, and among others that the conveyance was intended to embrace a certain tract of about four hundred and seventy acres, but on account of mutual mistake, only about one-half of the right land was conveyed (two hundred and thirty-four acres).

It is admitted that the grantors took pay for the whole tract, but they refuse to give up about one-half of the land (236. acres), and not only that, but refuse to give back the proportionate amount of the purchase money.

The demurrer was sustained and the plaintiff ordered to amend her bill. The learned chancellor said that the bill should be amended so as to show that the complainant had been in possession of all the land as her exemption and dower. He assigned as the reason that the bill clearly showed that this was the land intended to be conveyed. This was begging the whole question. He entirely overlooked the contention that the deed did not express the intention of the parties. See *Wilson* v. *Cox,* 50 Miss., 133; 30 Miss., 446; 48 Miss., 552; 44 Miss., 50; 4 How., 435; 11 Smed. & M., 318; *Carmichael* v. *Foley,* 1 How., 591; *Goodbar* v. *Dunn,* 61 Miss., 619; *Cummings* v. *Steele,* 54 Miss., 647; *Simmons* v. *North,* 3 Smed. & M., 67; 7 Smed. & M., 340; *Dunbar* v. *Newman,* 46 Miss., 231; *Phenix Ins. Co.* v. *Hoffheimer,* 46 Miss., 645; *Willis* v. *Gattman,* 53 Miss., 721.

*J. McC. Martin,* for appellees.

The land conveyed by Smith to Person was all of the land sold by Smith. The deed from Smith is not in the record.

Hence, there is nothing on the face of the bill to show the full amount of land sold, other than as an inference from the allegations of complainant.

The deed from J. W. and I. M. Person is and must be the predicate of the bill of complaint, original and amended. What does it show? It shows, first, that it is the purpose of the grantors to convey to Mrs. Chambliss their reversionary interest in and to the dower interest or claim of said grantee, and her claim for exemption in the lands of her deceased husband; second, it shows certain lands as the lands supposed to be the dower and exemption, the reversionary interest to which is conveyed; third, it shows that an exact survey of the land has not been made, so it is further described as follows: "That part of the Cortez Chambliss place in Claiborne county, Mississippi, sold by John J. Smith, sheriff, to James W. Person, by deed recorded in deed book HH, on page 266 *et seq.*, of the record of deeds of Claiborne county, which has been claimed and held by said grantee as her exemption and dower, since the 6th of September, 1899;" fourth, it shows further and explicitly, "It is not intended to, in any way, sell or alien that part of the lands described in said sheriff's deed, which has since said 6th day of September, 1869, been claimed and held by James W. Person and those claiming under him, which said last named tract contains about four hundred acres;" fifth, it shows that the sole object of said deed is to enlarge the estate of said grantee in the lands now held by her from an estate for life to an estate in fee, the consideration of which enlargement is the said sum of $600.

It will be seen that it is nowhere alleged in this bill that the lands conveyed to Mrs. Chambliss are not the lands "which have been claimed and held by her as her exemption and dower since the 6th of September, 1869," nor that the lands which she claims should have been conveyed to her are the lands which have been so held by her. Again, said bills do not allege that

the land which she claims should have been conveyed to her, are lands which she has claimed and held as her exemption and dower since the 6th of September, 1869; and that they are not lands which "has since 6th of September, 1869, been claimed and held by said James W. Person, and those claiming under him." If they were not the lands that she claimed and held as exemption and dower from September 6th, 1869, or if they are lands which James W. Person, and those claiming under him, have claimed and held since September 6th, 1869, then she could not recover. Hence, when the bill fails to set out these facts—namely, her claiming and holding same, and his not claiming and holding same—she clearly fails to show any right. Further reviewing the bill, it avers that J. W. and I. M. Person are claiming and holding said lands, and that they have done so from September 6th, 1869. Then, as the deed states, "the sole object is to enlarge the estate of Mrs. Chambliss, in the lands now held by her, from a life to a fee simple estate," she cannot urge, under the bills as filed, the intention of the grantors of the deed to her to be to convey her the lands platted on page 5, inasmuch as she admits their holding and being in possession of same from 6th of September, 1869.

As to the power of a court of equity to decree reformation in such a case, see the following: 5 Lawson's Property Rights, secs. 2306, 2307; 2 Cranch (U. S.), 419; *Williams* v. *Houston,* 4 Jones' Eq. (N. C.), 277; *Larkin* v. *Biddle,* 21 Ala., 252; *Dunbar* v. *Newman,* 46 Miss., 236; *Wilczinski* v. *Railway Co.,* 66 Miss., 595; *Wise* v. *Brooks,* 69 Miss., 891; *Hall* v. *La-Fayette,* 69 Miss., 529.

To get at the figures claimed for dower and exemption, the quantity of land sold, subject to such rights, must have been 1,410 acres. The fact, then, that 470 acres are claimed as dower and exemption, carries along with it the conclusion that Mrs. Chambliss claimed and held as her exemption and dower, as alleged in the bill, other lands than what are alleged

to have been sold by Sheriff Smith, on September 6th, 1869. In short, Smith must have sold all of Cortez Chambliss' land, which appellant in her amended bill places at 1,500 acres at one time, and about 1,200 acres at the time of his death, subject to dower and homestead. If this be the case, then Mrs. Chambliss went into possession and held her dower and exemption independent of the 870 acres set out and described in appellant's original bill. This land, then, of which she was in possession, and which she held, from September 6th, 1869, was the dower and exemption which was sold subject to her life right to same, and with reversionary interest in J. W. Person. No other line of reasoning can be indulged. Person and wife convey to her something of which she was in possession, and which she had held from September 6th, 1869, as exemption and dower, and they expressly reserve all that land of which they were in possession, either directly, or through their intermediary grantors, from said last-named date. She could not, therefore, claim this. Her original and amended bills do not anywhere show that she ever claimed that the land she asserts right to was ever in her possession, from September 6th, 1869, or was not claimed and held by J. W. Person, and those claiming under him, from said 6th September, 1869.

WHITFIELD, C. J., delivered the opinion of the court.

The case made by the amended bill is plainly one for an answer, not for a demurrer.

It is distinctly alleged that it was the intention of both parties to convey four hundred and seventy acres, estimated as the acreage of exemption and dower right in about twelve hundred acres owned by the husband at his death; that this was to be in one body, the purpose being to enlarge the dower interest therein to an estate in fee; that the $600 were paid for that, and received for that; and that complainant now only has about two hundred and forty acres of the four hundred and seventy which it was the intention to convey, the rest being with-

held from her; that of the land conveyed to her S. E. $\frac{1}{4}$ and E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of S. $\frac{1}{4}$, never were conveyed by the sheriff's deed. In short, the allegation is that Mrs. Person intended to convey, and appellant to receive, four hundred and seventy acres in one body, being the land to which complainant was entitled as dowress, and on which she and her family had all the while been living; and that to secure the enlargement of a life estate therein into a fee simple, she paid, and Mrs. Person received and retains, six hundred dollars. That is the plain gravamen of the bill, and the deed looked to does not estop it.

If nothing else were true, is certainly is true that the bill states a good case for relief as to a proportionate part of the purchase money, as against Mrs. Person. See the authorities in brief of counsel for appellant, especially *Wilson* v. *Cox,* 50 Miss., 136, and *Hull* v. *Watts,* 95 Va., p. 10. As the demurrer is general, it should have been overruled on that ground, at all events. But it should have been overruled on both grounds on the allegations of this bill.

As to the guardian, it is distinctly alleged that he and said minors had knowledge that a portion of the land described in said mortgage was the land of complainant. This averment calls for an answer, not a demurrer.

*Reversed, demurrer overruled, and cause remanded, with leave to answer in thirty days from the filing of the mandate in the court below.*